# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERIFF MACK WIMBISH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-04-6232 REC LJO P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 15)<br><br>ORDER REQUIRING PLAINTIFF TO FILE EITHER AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 15) |

      Plaintiff Jose Chavez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2005, the court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days. On April 4, 2005, after more than thirty days passed and plaintiff failed to comply with or otherwise respond to the court's order, the court issued a Findings and Recommendations recommending dismissal of this action for failure to obey a court order. On April 12, 2005, plaintiff filed objections to the Findings and Recommendations and requested the appointment of counsel.

      The court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious

and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. <u>Terrell</u>, 935 F.2d at 1017.

In his objections to the Findings and Recommendations, plaintiff states that he has only a sixth-grade education and is taking psychiatric medication. Although it is not clear, it appears that plaintiff may be requesting voluntary dismissal of this action.

<u>If plaintiff wishes to pursue this action at this time, plaintiff must file an amended complaint in compliance with the court's order of February 9, 2005</u>. <u>In the alternative, plaintiff may file a notice of voluntary dismissal</u>. If plaintiff chooses to voluntarily dismiss the action at this time, the dismissal will be without prejudice to refiling at a later date. The court expresses no opinion on the effect of the statute of limitations on plaintiff's claims, should plaintiff opt to dismiss this action at this time. Finally, <u>if plaintiff files neither an amended complaint nor a notice of voluntary dismissal, the Findings and Recommendations filed on April 4, 2005, will be submitted to Judge Coyle and this action will be dismissed, without prejudice, for failure to obey the court's orders</u>.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed April 12, 2005, is denied, without prejudice;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either file an amended complaint in compliance with the court's order of February 9, 2005, or file a notice of voluntary dismissal; and

///

3. If plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey the court's orders.

IT IS SO ORDERED.

**Dated:    May 7, 2005**                                    /s/ Lawrence J. O'Neill
b9ed48                                                       UNITED STATES MAGISTRATE JUDGE